UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 07-CR-20327-01

        Plaintiff,   HON. JULIAN ABELE COOK, JR

v.

D-1 ROY M. BAILEY,

        Defendant.
_____/

SENTENCING MEMORANDUM OF THE UNITED STATES

Defendant Roy M. Bailey is scheduled to be sentenced by this Court on March 9, 2009 for the offenses of conspiracy to commit bribery, conspiracy to defraud the United States and misprision of felony. For the reasons set forth below, the government requests that the Court impose a sentence of 24 months' incarceration, a fine of $50,000 and a term of three years of supervised release.

**Statement of the Case**

On September 16, 2008, defendant Bailey was convicted pursuant to a plea entered under the terms of a Rule 11 Plea Agreement with the government. The Rule 11 Plea Agreement in this matter provides for a sentencing guideline range of 30 to 37 months and a sentence cap of 37 months pursuant to Rule 11(c)(1)(C). The Presentence Investigation Report (PSR) prepared by the U.S. Probation Department calculated the advisory guideline range to be 33 to 41 months. In the event that the

Court accepts the Rule 11 Agreement and adopts the guideline range recommended in the PSR, the effective advisory guideline range for defendant Roy Bailey would be 33 to 37 months.

For many years, defendant Roy Bailey was one of the most senior U.S. Immigration officials in this district. As the INS Assistant District Director and the DHS-ICE Field Office Director, Mr. Bailey supervised the custody and transportation of all immigration aliens in this district pending the completion of their deportation proceedings. In that capacity, Roy Bailey held Sensitive and Secret security clearances and had regular and direct access to the most sensitive immigration and law enforcement information and data maintained by the United States government. Mr. Bailey exercised an almost incalculable power over the lives of an untold number of immigration detainees, deciding which would be released to their families and their communities and which would be held in custody to ensure their physical deportation from the United States.

As the facts set forth in the PSR reveal, under Roy Bailey's control the immigration system in this district was starkly divided between those he favored and those he did not. The former group included restaurant owners, attorneys, business owners and others who provided cash, free meals, free services and other things of value to Mr. Bailey. In return they, along with their relatives, clients, associates and employees were allowed to engage in repeated and wide ranging immigration fraud and received benefits and preferential treatment. PSR, 12-18 and 21 to 28.

The second group, consisting of those who could not or would not attempt to 'buy' influence, were left to the mercy of the immigration detention system under Mr. Bailey's control. As one measure of the complete lack of integrity in that system, Detention Officer Patrick Wynne, who was personally selected by Roy Bailey to run the main INS/ICE detention facility in this district, stole more than $300,000 in cash belonging to more than 475 aliens. That outrageous conduct occurred under Roy Bailey's direct supervision for a period lasting more than four years. Not only did Roy Bailey not stop those thefts, he intimidated and actively dissuaded other more junior INS/ICE employees to keep them from reporting the criminal activity to the proper authorities. Most chilling and shocking of all, Mr. Bailey misused his senior immigration position to threaten the relative of a female detainee who was doing nothing more than trying to get her sister's property rightfully returned. PSR ¶¶ 18-21.

The Rule 11 Plea Agreement between the parties included an advisory guideline range of 30 to 37 months and a sentence cap of 37 months. The Presentence Investigation Report (PSR) prepared by the U.S. Probation Department calculated the advisory guideline range to be 33 to 41 months. That discrepancy arises from the U.S. Probation Department's inclusion of a one level increase in grouped Counts Four and Six to reflect a 'loss' of between $120,000 and $200,000. PSR, ¶ 38. In the event that the Court accepts the Rule 11 Agreement and adopts the guideline range recommended in the PSR, the effective advisory guideline range for

defendant Roy Bailey would be 33 to 37 months. If the Court does not adopt the PSR calculations, the advisory guideline range would be 30 to 37 months.

The sentencing guidelines, while no longer mandatory or presumptively applicable, continue to play a critical role in the federal criminal system. As the Supreme Court has recognized, the correctly calculated guideline range can and should be "the starting point and the initial benchmark" in the sentencing process. *Gall v. United States*, 128 S.Ct. 586, 596 (2007), as quoted in *United States v. Moon*, 513 F.3d 527, 538 (6th Cir. 2008). As the Sixth Circuit observed in that case, "While the choices available to district courts are varied, the goal of sentencing is the same: to impose a sentence that is sufficient, but 'no greater than necessary' to comport with the purposes of 18 U.S.C. § 3553(a). *Id.*, 513 F.3d at 538.

On the facts of this case, and taking into account the relevant factors under Section 3553, a sentence of between 30 and 37 months would be sufficient and appropriate. Such a sentence would reflect the seriousness of the offense, achieve an appropriate level of punishment and promote a fundamental respect for the law. By separate motion, the government has moved pursuant to USSG § 5K1.1 for the Court to depart downward from the applicable sentencing guideline range and to impose a sentence of 24 months in this matter. That motion is based upon substantial assistance provided by Roy Bailey in the investigation and prosecution of another high level government official. However, the government opposes any sentence

below 24 months in light of (1) the limited and discrete nature of the cooperation provided by Roy Bailey and (2) the serious nature of the underlying criminal conduct.

## Conclusion

Whether measured by its breadth, its duration or by the hundreds, if not thousands, of individual immigration aliens who were its victims, the criminal activity in this case can only be described as shocking. Roy Bailey's deliberate and repeated actions reveal a stark pattern of greed and self aggrandizement at the expense of integrity, honor and professionalism, qualities that the public has every reason and every right to expect from it's most senior government officials. In his position as a high ranking law enforcement official who exercised discretion over the liberty and lives of thousand of immigration detainees, Roy Bailey's crimes are, quite simply, a betrayal. That Mr. Bailey chose to corrupt and to profit from a system populated by some of the most vulnerable members of this society, illegal aliens, with little if any support, cultural standing or advocates, cries out for punishment.

In light of the advisory sentencing guideline range, and with full consideration of the factors set forth in 18 U.S.C. § 3553, the government requests that the Court

impose a 24 month sentence, a fine of $50,000 and a term of three years of supervised release.

           Respectfully submitted,

           TERRENCE BERG
           Acting United States Attorney


           s/Bruce C. Judge
           BRUCE C. JUDGE
           Assistant United States Attorney
           211 W. Fort St., Ste. 2001
           Detroit, Michigan  48226
           (313) 226-9122

Dated: March 5, 2009

## **CERTIFICATE OF SERVICE & FILING**

I certify that on this 5th day of March, 2009, the attached sentencing memorandum was served on counsel of record through the CM/ECF System if counsel is a registered user or, if he is not, by placing a true and correct copy in the United States mail, postage prepaid, addressed to:

Michael Starr
Schertler & Onotato LLP
North Building, 9th Floor
601 Pennsylvania Ave NW
Washington DC 20004-2601

s/Julia Fabiszewski
Julia Fabiszewski, Legal Assistant
United States Attorney's Office